IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 317-001 |
| | ) | |
| GEORGE MACK BIRD, III | ) | |

_____

**O R D E R**
_____

Counsel have advised the Court that six pretrial motions have been satisfied or otherwise resolved. (See doc. no. 58.) Therefore, the following pending motions are **MOOT**: doc. nos. 17, 32, 36, 38, 39, and 44. Prior to setting down any of the referred but unresolved motions for a hearing, the Court requires the following additional information.

As to the request to suppress Defendant's statements, (doc. no. 27), the motion does not comply with Local Criminal Rule 12.1 because it does not support all facts alleged with citations to the existing record or supporting affidavits. For example, Defendant claims the government "will introduce at trial oral admissions, a written statement and/or tape recordings of statements made to law enforcement officers while in custody." (Id. at 1.) Yet, he never identifies any such admissions. Defendant also claims his statements "were the result of persistent and repeated interrogations by numerous skillful law enforcement officers" without "an intelligent of knowing waiver of counsel." (Id.) Yet, he never describes the circumstances of these alleged interrogations or provides an affidavit in support of his allegations. Even as to the few details provided concerning dates and names of officers involved, Defendant fails to provide any evidentiary documentation.

The Court is not required to hold an evidentiary hearing simply because a motion to suppress is filed. See United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). The

burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994).  The Court will provide Defendant until July 28, 2017, to particularize his motion to suppress statements in compliance with Local Criminal Rule 12.1.  The government shall have until August 11, 2017, to file any supplemental response.

As to the request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), regarding two search warrants executed at 821 Plaza Drive on June 3, 2015 and June 10, 2015, respectively, (doc. no. 42), this motion also requires further particularization.  In Franks, the Supreme Court held that facially valid search warrant affidavits may be challenged if:  (1) the affidavit contains intentionally or recklessly false statements, and (2) the statements are material in the sense that they were necessary to the finding of probable cause.  Id. at 171-72.  Although Franks makes clear that an affidavit supporting an application for a search warrant is presumed to be valid, id. at 171, the Supreme Court set forth the following standard to obtain an evidentiary hearing to challenge alleged misrepresentations in a warrant application:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.  The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.  Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

Id. at 171-72 (footnote omitted).

Defendant's motion in its current form does not provide sufficient information to warrant a Franks hearing. For example, Defendant fails to provide any evidentiary support for his claims of "substantial bias and motive to fabricate evidence" by Angela Hardy. (Doc. no. 42, p. 2.) Nor does he identify any untruthful information or material omission related to the information provided by Ms. Hardy. Likewise, Defendant's motion fails to provide any record citations to support the assertion of "threats, promises or agreements to withhold charges against [Miranda] Warren" were made in exchange for her testimony. Nor does it explain or provide evidentiary support for the assertion concerning "the significance placed on the information" Ms. Warren provided with respect to the judicial officer's determination of probable cause.

In the absence of the requisite information, there is no basis for convening an evidentiary hearing. The presumption of the validity of the affidavit in support of the application for a search warrant must be honored. Thus, Defendant shall have until July 28, 2017, to supplement the motion for a Franks hearing. The government shall have until August 11, 2017, to file any supplemental response.

Upon receipt of the supplemental information, the Court will schedule oral argument and/or evidentiary hearings as necessary on the pending referred but unresolved motions.

SO ORDERED this 19th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA