FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 NOV 28 A 10: 14
CLERK M. Akin
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 317-001 |
| | * | |
| GEORGE MACK BIRD, III | * | |

O R D E R

After a careful, <u>de novo</u> review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (doc. no. 74), to which objections have been filed (doc. no. 79). Defendant George Mack Bird does not offer any new information, evidence, or argument that warrants deviation from the Magistrate Judge's recommendation, and only one argument warrants further comment.[1]

Defendant contends his confession was involuntary and he was not "in custody" for purposes of <u>Miranda v. Arizona</u>, 384 U.S. 436, 444-445 (1966). (Doc. No. 79, at 8-13.) Defendant cites his own hearing testimony to support his claims, but the Magistrate Judge found Defendant's testimony less credible than that of Officer Riddle and Investigator Sikes. (Doc. No. 74, at 33-35.) Because the Magistrate Judge's credibility determination was thorough, well-reasoned, and supported by the record, the Court adopts the Magistrate Judge's determination. <u>See</u> <u>United States v. Powell</u>, 628 F.3d 1254,

---

[1] Defendant also moves for a hearing on his objections to the Report and Recommendation. (Doc. No. 80.) Because the Court can resolve all pending motions without a hearing, Defendant's motion (doc. no. 80) is **DENIED**.

1257 (11th Cir. 2010) (noting observation requirement of credibility determination satisfied where district judge "accept[s] the determination of the magistrate after reading the record"); Wofford v. Wainwright, 748 F.2d 1505, 1507 (11th Cir. 1984) ("[T]he Due Process Clause does not require a district judge who has referred a suppression motion to a magistrate for an evidentiary hearing to hold a second hearing before adopting the magistrate's evaluations of the witnesses' credibility."). Therefore, Defendant's own hearing testimony is not credible and rejected to the extent it differs from the testimony of Officer Riddle and Investigator Sikes.

Defendant also cites a laundry list of facts from Officer Riddle's and Investigator Sikes' testimony purportedly showing Defendant was "in custody" for Miranda purposes. (Doc. No. 79, at 10-11.) However, Defendant cites no new case law showing any of the stated facts weigh toward a finding of "in custody." Indeed, the only new cases cited by Defendant are four, non-binding, out-of-circuit cases for the sole proposition that a person can be in custody in their own home or place of business. (Id. at 12.) Although the Magistrate Judge considered the location of Defendant's questioning as a factor, it was one of many factors considered in his "in custody" analysis. (See Doc. No 74, at 35-37.)

Defendant's snippets of facts regarding the custody issue are discussed out of context and fail to account for the

totality of the circumstances. See <u>United States v. McDowell</u>, 250 F.3d 1354, 1362 (11th Cir. 2001) ("Whether McDowell was 'in custody' prior to his formal arrest depends on whether under the *totality of the circumstances*, a reasonable man in [his] position would feel a restraint on his freedom of movement . . . to such extent that he would not feel free to leave." (emphasis added) (internal quotations omitted)). For example, while Defendant notes the officers directed him to his office, he ignores that Investigator Sikes told Defendant was not under arrest and that Defendant did not have to answer Investigator Sikes. (<u>Compare</u> Doc. No. 79, at 11 <u>with</u> Doc. No. 74, at 14.) Moreover, Defendant ignores the numerous factors cited by the Magistrate Judge and supported by the Eleventh Circuit's non-binding but instructive decision in <u>United States v. Matcovich</u>, 522 F. App'x 850 (11th Cir. 2013), showing Defendant was not "in custody" for <u>Miranda</u> purposes. (<u>See</u> Doc. No. 74, at 35-36.) Thus, the Magistrate Judge correctly concluded, "Defendant was not 'in custody' for purposes of <u>Miranda</u> until the moment of his arrest, after the interview concluded." (<u>See</u> <u>Id.</u> at 36.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (doc. no. 74) as its own opinion. Therefore, Defendant's Motion to Dismiss (doc. no. 26), Motions for a <u>Franks</u> Hearing (doc. nos. 42, 63), Motion to Suppress Evidence from 821 Plaza Drive (doc. no.

3

40), Motions to Suppress Statements (doc. nos. 27, 62), and Motion for a Hearing (doc. no. 80) are **DENIED**. The Court further **DENIES AS MOOT** Defendant's Motion to Suppress Evidence from Storage Unit Seventy-Seven (doc. no. 41) and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Compel Access to Voluminous Information (doc. no. 37).

**ORDER ENTERED** at Augusta, Georgia, this 28th day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE

4